ROB BONTA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General
THOMAS M. MCMAHON
Deputy Attorney General
State Bar No. 106074
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6616
  Fax: (916) 731-2120
  E-mail: Thomas.McMahon@doj.ca.gov
*Attorneys for Defendants*
*Lori Pozuelos and Jason Wessely*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF T. GRANGE, M.D.,**<br><br>                Plaintiff,<br><br>v.<br><br>**LORI POZUELOS AND JASON WESSELY,**<br><br>                Defendants. | 5:22-cv-00340 DSF (AGRx)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: July 25, 2022<br>Time: 1:30 p.m.<br>Courtroom: 7D<br>Judge: Hon. Dale S. Fischer<br>Trial Date: TBD<br>Action Filed: 2/24/2022 |

    Defendants Lori Pozuelos ("Pozuelos") and Jason Wessely ("Wessely") (collectively "Defendants") submit this Reply Memorandum of Points and Authorities in support of their Motion to Dismiss the First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12 (b) (6) ("Motion," Dkt. 17). Defendants respond herein to the Memorandum in Opposition to the Motion ("Opp.," Dkt. 18) filed by Plaintiff Dr. Jeff Grange ("Plaintiff").

/ / /

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1

Argument ............................................................................................................... 1

    I.    The Court Should Dismiss the Claims Against Wessely on the Ground of Qualified Immunity ............................................................... 1

    II.    The Court Should Dismiss the State Law Claim for Intentional Infliction of Emotional Distress on the Ground That Plaintiff Did Not Submit a Timely Government Claim ........................................ 4

    III.    The Court Should Dismiss the Claims for Fabrication of Evidence and False Arrest Against Pozuelos As Superfluous ............... 7

    IV.    The Court Should Dismiss the Conspiracy Claim Because It Is Not Pleaded with the Required Specificity ............................................ 8

Conclusion ............................................................................................................ 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ..................................................................................... 3

*Devereaux v. Abbey*
   263 F.3d 1070 (9th Cir. 2001) ...................................................................... 7

*Dubner v. City & County of San Francisco*
   266 F.3d 959 (9th Cir. 2001) ........................................................................ 4

*Dyess v. Tehachapi Unified Sch. Dist.*
   2010 U.S. Dist. LEXIS 82659 ..................................................................... 8

*Gilker v. Baker*
   576 F.2d 245 (9th Cir. 1978) ........................................................................ 4

*Jones v. Keitz*
   2017 U.S. Dist. LEXIS 125492 ................................................................... 8

*Martin v. Duffie*
   463 F.2d 464 (10th Cir. 1972) ...................................................................... 4

*McMartin v. County of Los Angeles*
   202 Cal. App. 3d 848 (Cal. App. 1988) ....................................................... 6

*Messerschmidt v. Millender*
   565 U.S. 535 (2012) .................................................................................. 1, 2

*Musaelian v. City of Santa Rosa*
   2009 U.S. Dist. LEXIS 44161 (N.D. Cal. May 26, 2009) ........................ 6, 7

*Pugliese v. Sup.Ct. (Pugliese)*
   146 Cal.App.4th 1444 (2007) ....................................................................... 5

*Ramirez v. Butte-Silver Bow County*
   298 F.3d 1022 (9th Cir. 2002) ...................................................................... 2

*Shively v. Bozanich*
   31 Cal. 4th 1230 (Cal. 2003) ........................................................................ 5

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

United States Code, Title 42
  § 1983 ........................................................................................................ 1, 7, 8

Government Code
  § 911.2 ............................................................................................................ 5, 6
  § 945.3 ......................................................................................................... 1, 6, 7

# INTRODUCTION

The Court should dismiss the First Amended Complaint ("Complaint") because several of the claims do not to state a claim upon which relief can be granted.

The claims against Wessely fail because, as an officer acting upon a warrant issued by a neutral magistrate, he is entitled to qualified immunity. Wessely was not involved in the investigation of Plaintiff, and therefore had no reason to believe that the warrant was so lacking in probable cause that no officer would act upon it. Plaintiff's absurd conclusion that Wessely was not even acting upon a warrant is belied by Exhibit 2 to the Complaint. It is also not supported by the Complaint's thin allegation of a misunderstood communication at the scene of the arrest concerning the bail amount.

Plaintiff's failure to submit a government claim form within six months of the conduct by Defendants that allegedly caused him injury is fatal to his state law claim for intentional infliction of emotional distress. Government Code section 945.3 does *not* toll the time for submission of a government claim form.

Two of the seven civil rights claims against Pozuelos are not legally distinguishable from the Section 1983 malicious prosecution claim, and should therefore be dismissed as superfluous.

Finally, the Complaint fails to allege the details of the alleged Section 1983 conspiracy with enough factual particularity to avoid dismissal.

# ARGUMENT

## I. THE COURT SHOULD DISMISS THE CLAIMS AGAINST WESSELY ON THE GROUND OF QUALIFIED IMMUNITY

Plaintiff does not dispute the legal principle that an officer who acts upon a warrant issued by a neutral magistrate has qualified immunity from civil rights claims, unless he had reason to believe that probable cause was so lacking that no reasonable officer would act upon it. *Messerschmidt v. Millender*, 565 U.S. 535,

546-48 (2012). Nor does Plaintiff deny that a line officer executing a warrant does not have to read or see the warrant, and can accept the word of superiors that they have a warrant and that it is valid. *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1028 (9th Cir. 2002).

The Complaint alleges that on February 27, 2020, a judge of the Superior Court for the County of San Bernardino signed a warrant for the arrest of Plaintiff. (FAC ¶ 46 and Ex. 2 thereto.) The only conduct by Wessely that is alleged in the Complaint is that he made the arrest of Plaintiff outside the courthouse, at the end of the day of trial in the *qui tam* lawsuit on February 27, 2020, and that he recorded it. (FAC ¶¶ 39-40.) Plaintiff does not allege, nor could he truthfully do so by amendment, that Wessely had any knowledge of, or participation in, the CDI investigation, or the pursuit of a criminal complaint and an arrest warrant.

Accordingly, Wessely had absolutely no basis upon which he could have believed that the arrest warrant, issued by a neutral magistrate, was so lacking in probable cause that no reasonable officer would execute it. The narrow exception to qualified immunity when an officer acts upon a warrant, acknowledged in *Messerschmidt*, simply does not apply in this case.

As predicted in Defendants' opening memorandum, Plaintiff's only argument against the dismissal of Wessely pursuant to the doctrine of qualified immunity is Plaintiff's bizarre and unsupported conclusion that this was a warrantless arrest because the judge did not sign the warrant until after the arrest occurred. The Complaint alleges that the arrest occurred at the **end** of the day of trial in the *qui tam* litigation. (FAC, ¶ 39.)[1] Nevertheless, Plaintiff asks this Court to draw the illogical inference that the judge signed the arrest warrant at some later point. It is equally unreasonable to ask this Court to infer that Wessely decided, on his own, to arrest Plaintiff outside the courthouse on February 27, 2020, since he was not even involved in the CDI investigation. The only reasonable inference is that the judge

---

[1] In fact, it is undisputed that the arrest took place at approximately 4:50 p.m.

2

signed the arrest warrant, that fact was communicated to the officers at the scene, and they then arrested Plaintiff.

If the claims proceed against Wessely, Defendants will prove this chronology through the testimony of the Judge, the Deputy District Attorney, Pozuelos and the officers present at the arrest. Plaintiff will be unable to dispute their testimony. However, the considerable imposition upon these witnesses, and upon Wessely to remain a party to this litigation, is not warranted by the extremely thin factual allegations of the Complaint. The Court should instead decline to draw the unreasonable inference posited by Plaintiff, and dismiss Wessely from the action.

Plaintiff's conclusion, or inference, that the warrant had not yet been signed when Wessely made the arrest, is not supported by sufficient factual allegations. Accordingly, the Court is not required to accept it as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's only factual allegation in support of his conclusion is that, after he was arrested, one of the CDI investigators stated that he was told Plaintiff's bail would be $4 million, but the judge was "in the middle of signing" the warrant now and may change the bail amount. (*Id.* ¶ 41.) When asked which judge was reviewing the warrant, a CDI investigator stated he was not sure and that other unidentified persons were with the judge "right now." (*Id.*)

The only reasonable inference to be drawn from these allegations is that the other officer at the scene was unsure *as to the bail amount*, and that he indicated to Plaintiff that the judge was in the middle of discussions *about the bail amount*, which might change. That does not mean that the judge had not authorized the arrest, or had not signed the warrant. He had.

Plaintiff attempts to salvage the claims against Wessely by stating what Wessely's audio recording of the arrest reveals. "The recording shows that during the arrest, neither Wessely nor the other CDI investigator showed Dr. Grange an arrest warrant, *nor did they state that they were in possession of a warrant*." (Opp. at 6:20-22, emphasis added.) This argument is improper because the audio

3

recording is not attached to the Complaint, and Plaintiff's characterization of it cannot be considered on a motion to dismiss. Plaintiff's characterization of the audio recording is also misleading. When and if the audio recording is properly before this Court, it will reveal that after approaching Plaintiff, Wessely said "Jeff, you've got a warrant, dude." This statement makes it clear that Wessely *was* acting upon a warrant, and so advised Plaintiff.

The authorities cited by Plaintiff with respect to an arrest made ***without*** a warrant, and based upon the arresting officer's own belief in probable cause,[2] are plainly inapposite. In each case, there was no arrest warrant issued by a neutral magistrate. In this case, there was. (FAC, Ex. 2 thereto.)

In short, the Court should decline to draw, from the thin allegations of the Complaint, the unreasonable inference that Wessely arrested Plaintiff without a warrant. At that point, Wessely is entitled to qualified immunity from the three civil rights claims because he acted pursuant to a warrant and had no reason to believe that probable cause was so lacking that no reasonable officer would act upon it.

By the same token, Wessely is entitled to a dismissal of the state law claim for intentional infliction of emotional distress. (Eighth Claim.) That claim is based upon the same alleged conduct as the civil right claims, *i.e.* arresting Plaintiff and recording it. (FAC ¶ 113.) Just as Wessely has qualified immunity for his conduct, he also did not engage in "extreme and outrageous conduct." Indeed, he acted normally and reasonably by simply executing an arrest warrant issued by a neutral magistrate. The Court should therefore dismiss the emotional distress claim as well.

## II. THE COURT SHOULD DISMISS THE STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON THE GROUND THAT PLAINTIFF DID NOT SUBMIT A TIMELY GOVERNMENT CLAIM

As Plaintiff concedes, the conduct underlying the Eighth Claim, for intentional infliction of emotional distress, is Defendants' alleged participation in the filing of a

---

[2] (Opp. at 5:27 – 6:8, *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 1978); *Martin v. Duffie*, 463 F.2d 464, 467 (10th Cir. 1972).

4

baseless criminal complaint and an alleged false arrest (including no bail and a seizure of assets). (Opp. at 10:18-20; FAC ¶ 113.) This conduct occurred on or before February 27, 2020. (FAC ¶¶ 38-57.) As a result of the criminal complaint and arrest, Plaintiff was in custody until he was released on March 2, 2020. (*Id.* ¶ 58.) Whatever emotional distress Plaintiff sustained from Defendants' conduct, he experienced it *then*. No other inference from the allegations of the Complaint is reasonable.

Accordingly, on February 27, 2020, Plaintiff was aware of all of the elements that would be required to bring an action against Defendants for intentional infliction of emotional distress. The cause of action *accrued* at that point. "[I]n general, a cause of action in tort accrues at the time of injury…" *Shively v. Bozanich*, 31 Cal. 4th 1230, 1247 (Cal. 2003).

Plaintiff concedes that a government claim must be submitted within six months of the accrual of the claim, and that he did not submit his claim until January 13, 2022, which is over 22 months after the accrual. The conclusion is inescapable that the Court should dismiss the Eighth Claim, pursuant to Government Code section 911.2, for failure to submit a timely government claim form.

Plaintiff's argument that there was *continuing* conduct and injury lacks merit. Although the criminal proceedings did continue after the arrest and release, until July 16, 2021 (FAC ¶ 63), the District Attorney for San Bernardino County conducted those criminal proceedings. The Complaint does not allege that Pozuelos or Wessely engaged in any extreme and outrageous conduct -- ***indeed, any conduct at all*** -- after the filing of the criminal charges and the arrest and release of Plaintiff.[3] Any claim for continuing emotional distress, arising from extreme and

---

[3] Defendants' allegedly tortious acts ceased at that point, and according to the one case cited by Plaintiff, *Pugliese v. Sup.Ct. (Pugliese)*, 146 Cal.App.4th 1444, 1452 (2007), the tort cause of action accrued then.

outrageous conduct during the continuation of the criminal proceedings, does not lie against Pozuelos or Wessely.[4]

Plaintiff erroneously contends that his emotional distress claim is saved by Government Code section 945.3, which tolls the statute of limitations for filing a civil action during the time that criminal charges are pending. (Opp. at 10:27 – 111:14.) Plaintiff is missing the critical distinction between (i) the time to submit a government claim form, and (ii) the time to file a civil action. The latter is tolled by Section 945.3, but the former is not. Gov. Code § 945.3, emphasis added ("Nothing in this section shall prohibit the filing of a claim with the board of a public entity, ***and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2.***"); *McMartin v. County of Los Angeles*, 202 Cal. App. 3d 848, 854 (Cal. App. 1988) ("[T]he tolling provisions [do] not apply to claim filing requirements, only to prosecuting civil actions.")

As the court observed in *Musaelian v. City of Santa Rosa*, 2009 U.S. Dist. LEXIS 44161 (N.D. Cal. May 26, 2009):

> Plaintiff's [state law tort] claims cannot be saved by his misplaced reliance on California Government Code section 945.3, which tolls the statute of limitations to file a civil action during the period in which criminal charges are pending. *See* Government Code § 945.3. That section specifically does not extend the time to file a claim with the appropriate public entity. *Id.* ("Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2."). Plaintiff appears to be confusing a "civil action" with a "claim." Although plaintiff was barred from filing a civil action during the pendency of his criminal suit, plaintiff was still required

---

[4] The Complaint does not allege any claims against the County of San Bernardino or its employees.

6

to file a claim with the [public entity] within the appropriate period of time. [Citing, *McMartin*, 202 Cal. App. 3d at 854.]

*Id.* at *9.

Because Plaintiff's emotional distress claim against Defendants accrued on February 27, 2020, and Government Code section 945.3 does not toll the period for submitting a government claim form, the Court should now dismiss the Eighth Claim, against both Defendants, without leave to amend and with prejudice.

### III. THE COURT SHOULD DISMISS THE CLAIMS FOR FABRICATION OF EVIDENCE AND FALSE ARREST AGAINST POZUELOS AS SUPERFLUOUS

Plaintiff alleges that Defendant Pozuelos sought a criminal complaint and arrest warrant (including a no bail determination and a freezing of assets) on the basis of false statements and omitted exculpatory information. Rather than allege a single claim under 42 U.S.C. Section 1983 for malicious prosecution in violation of his right to substantive due process of law (Sixth Claim), Plaintiff has alleged ***seven*** claims. The Court should take this opportunity to dismiss at least two of these claims that are subsumed within the Section 1983 malicious prosecution claim, and are therefore superfluous.

Plaintiff cites *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) for the proposition that a claim exists for "deliberate fabrication of evidence and withholding of material information," independent of a Section 1983 malicious prosecution claim. However, the opinion in *Devereaux* does not indicate whether the complaint in that case alleged two separate Section 1983 claims: one for malicious prosecution and another for deliberate fabrication of evidence. The court's observation that there is a fundamental due process right not to be subjected to criminal charges based upon false evidence would support the former claim, without the latter claim having to exist as well. Nor do the Ninth Circuit Model Civil Jury instructions, under the particular rights instructions for Section 1983 claims, have separate element instructions for ***both*** malicious prosecution and

7

deliberate fabrication of evidence. While alternative legal theories can be pleaded, each must have an independent basis in the law. Otherwise, one is superfluous.

Plaintiff has also not disputed the authority cited by Pozuelos for the proposition that that where, as here, an arrest follows the filing of a criminal complaint, a Section 1983 claim for false arrest (Second Claim) is subsumed within the Section 1983 claim for malicious prosecution (Sixth Claim). (Motion at 15-16; *Jones v. Keitz*, 2017 U.S. Dist. LEXIS 125492, 2017 WL 3394121, at \*4 (dismissing similar false arrest claims on grounds that they are "subsumed" by claims for malicious prosecution).

Plaintiff attempts to avoid this result by again arguing that Wessely arrested Plaintiff without a warrant. This argument fails for two reasons. First, the principle articulated in cases such as *Jones* requires **the filing of a criminal complaint** before the arrest occurred – not the signing of an arrest warrant – and the Complaint does not allege that the arrest occurred before the criminal complaint was filed. Second, as demonstrated above at pp. 2-3, Plaintiff's argument that he was arrested before the warrant was signed is not an allegation of fact that must be accepted as true, but an unreasonable inference from the miscommunication that is alleged.

### IV. THE COURT SHOULD DISMISS THE CONSPIRACY CLAIM BECAUSE IT IS NOT PLEADED WITH THE REQUIRED SPECIFICITY

Plaintiff does not contest Defendants' citation to *Dyess v. Tehachapi Unified Sch. Dist.*, 2010 U.S. Dist. LEXIS 82659, 2010 WL 3154013, at \*8, and the authorities cited therein, for the proposition that a claim for conspiracy pursuant to 42 U.S.C. Section 1983 must not be pleaded in a conclusory fashion, and should identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," and allegations that identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights."

/ / /

The Complaint does allege, in conclusory fashion, that Defendants made an agreement to violate his Constitutional rights, and in furtherance of that agreement, Pozuelos sought a criminal complaint and arrest warrant base upon false or omitted information and Wessely arrested Plaintiff at the courthouse without a warrant or probable cause. However, the requisite particularity in pleading the details of an alleged *conspiracy* is lacking.

For example, with respect to the alleged agreement to violate Plaintiffs constitutional rights, the Complaint does not allege: (i) each person who was a party to the agreement, (ii) when the agreement was formed and when it ended, (iii) how the agreement was formed (*i.e.,* the dates and means of communication among the parties to the agreement), (iv) what each party to the agreement agreed to do, and (iv) the reason for the parties' agreement. Plaintiff simply alleges wrongful conduct on the part of Pozuelos and Wessely, and then supplies his own conclusion that they must have reached an agreement to violate his constitutional rights. This is insufficient to state a claim. Accordingly, the Court should dismiss the First Claim, for conspiracy.

## CONCLUSION

For each of the foregoing reasons, Defendants request that the Court grant the Motion in its entirety, and dismiss the First Amended Complaint.

Dated:  July 11, 2022                           Respectfully submitted,

ROB BONTA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General

/s/ Thomas M. McMahon

THOMAS M. MCMAHON
Deputy Attorney General
*Attorneys for Defendants
Lori Pozuelos and Jason Wessely*

# CERTIFICATE OF SERVICE

Case Name: __Grange v. Pozuelos__          No.   __5:22-cv-00340 DSF (AGRx)__

I hereby certify that on July 11, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 11, 2022, at Los Angeles, California.

|  |  |
|---|---|
| Jasmine Zarate | /s/ Jasmine Zarate |
| Declarant | Signature |

LA2022301458
65261730.docx