UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF T. GRANGE,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>LORI POZUELOS, et al.,<br>　　　Defendants. | ED CV 22-00340 DSF (AGRx)<br><br>Order GRANTING in PART and DENYING in PART Defendants' Motion to Dismiss (Dkt. 17) |

　　　Defendants Lori Pozuelos and Jason Wessely move to dismiss the first, second, fifth, and eighth claims in Plaintiff Jeff T. Grange's First Amended Complaint (FAC) for failure to state a claim. Dkt. 17 (Mot. or Motion); dkt. 14 (FAC). Plaintiff opposes. Dkt. 18. The Court deemed this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Defendants' Motion is GRANTED in PART and DENIED in PART.

## I. BACKGROUND

　　　For purposes of this Motion, the Court takes all of Plaintiff's well-pleaded allegations as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Plaintiff is a medical doctor residing in Riverside County. FAC ¶ 12. Pozuelos and Wessely are investigators for the California Department of Insurance (CDI) fraud division. Id. ¶ 13-14.

　　　From 2012 to 2019, Plaintiff was the president of Symons Emergency Specialties, Inc. (Symons), a company that provides medical

services for emergencies, special events, and large gatherings, as well as interfacility and critical care transport. Id. ¶ 18. In 2014, Symons and Plaintiff provided emergency medical ambulance transportation for a driver in an off-road motorsport race held in Baja California, Mexico. Id. ¶ 19-22. Symons billed the driver's health insurer, SIMNSA, for the ambulance services. Id. ¶ 23-24. However, on May 28, 2016, SIMNSA filed a *qui tam* action against Symons and Plaintiff in the Superior Court for San Bernardino County alleging that Symons fraudulently billed them for the ambulance services. Id. ¶ 28-29; Mot. at 10. This prompted a CDI investigation led by Pozuelos to determine whether the claims were fraudulent. FAC ¶ 31-32. Despite receiving exculpatory evidence proving the claims were not fraudulent, CDI intervened in the *qui tam* action against Plaintiff, and the case proceeded to trial. Id. ¶ 32-36.

On February 27, 2020, the district attorney for San Bernardino County filed a criminal complaint against Plaintiff for insurance fraud based on the *qui tam* allegations and evidence provided by Defendants. Id. ¶ 42-45. Later that same day, Wessely and other CDI investigators arrested Plaintiff as he left the courthouse from the *qui tam* trial. Id. ¶ 39. After the arrest, a CDI investigator told Plaintiff that "bail would be $4 million, but the judge was 'in the middle of signing the warrant' and may change the bail amount." Id. ¶41. "Thus, when Defendant Wessely and other CDI investigators arrested [Plaintiff] outside the courthouse, it was clear that they did not have a valid arrest warrant or probable cause." Id. After the arrest, a Superior Court judge issued a "no bail" arrest warrant base on Pozuelos's Probable Cause Declaration in Support of Motion to Place a Hold on the Release of Defendant from Custody. Id. ¶ 49, 50, 54. Plaintiff remained in jail for approximately five days without the possibility of bail until his release on March 2, 2020. Id. ¶¶ 58, 61. On March 16, 2020, the jury in the *qui tam* action returned a verdict for Plaintiff. Id. ¶ 62. On July 16, 2021, the San Bernardino County district attorney's office moved to dismiss the criminal complaint against Plaintiff based on lack of evidence. Id. ¶ 63.

Plaintiff alleges several claims under 42 U.S.C. § 1983 including (1) conspiracy and (2) unreasonable seizure of person against both Pozuelos and Wessely, as well as (3) excessive bail, (4) unreasonable seizure of property, (5) deliberate fabrication of evidence and withholding material information, (6) malicious prosecution, and (7) retaliation against Pozuelos only. Id. ¶¶ 65-111. Additionally, Plaintiff alleges a state law claim for intentional infliction of emotional distress (IIED) against both Pozuelos and Wessely. Id. ¶¶ 112-116.

## II. LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original) (citation omitted).

A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

3

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. DISCUSSION

#### A. Qualified Immunity

As a preliminary matter, Wessely argues that Plaintiff's § 1983 claims for conspiracy and unreasonable seizure of a person should be dismissed because Wessely is entitled to qualified immunity. "Qualified immunity shields government officials from liability for civil damages unless their conduct 'violated a clearly established constitutional right.'" David v. Kaulukukui, 38 F.4th 792, 799 (9th Cir. 2022) (quoting Williamson v. City of Nat'l City, 23 F.4th 1146, 1151 (9th Cir. 2022)). "To determine whether an official is entitled to qualified immunity, the court asks '(1) whether the [official's] conduct violated a constitutional right, and (2) whether that right was clearly

established at the time of the events at issue." Id. (quoting Williamson, 23 F.4th at 1151). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Id. (quoting Hernandez v. City of San Jose, 897 F.3d 1125, 1132 (9th Cir. 2018)).

It was clearly established at the time of Plaintiff's arrest that "an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." Rosenbaum v. Washoe Cnty., 663 F.3d 1071, 1076 (9th Cir. 2011). Similarly, it was clearly established that a warrantless arrest is unreasonable unless "the officer has probable cause to believe that the suspect committed a crime in the officer's presence." D.C. v. Wesby, 138 S. Ct. 577, 586 (2018). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id. Here, Plaintiff adequately alleges that he was subject to an unlawful arrest because Wessely did not have a warrant and lacked probable cause. Specifically, Plaintiff alleges that after Wessely placed him under arrest, a CDI officer stated that the judge "was in the middle of signing" the arrest warrant. FAC ¶¶ 41, 49. Thus, drawing all reasonable inferences in favor of Plaintiff, Wessely did not have a valid warrant at the time he made the arrest because the judge had yet to issue one. Further, there are no facts suggesting Plaintiff committed a crime in Wessely's presence that would provide probable cause. Indeed, the criminal charges filed against Plaintiff included forty-four counts of insurance fraud, and Defendants do not suggest Plaintiff committed these crimes in Wessely's presence. Wessely is not entitled to qualified immunity at this time. Nonetheless, the "denial of qualified immunity at this stage of the proceedings does not mean that this case must go to trial. Once an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity." O'Brien v. Welty, 818 F.3d 920, 936 (9th Cir. 2016).

Wessely's Motion is DENIED.

B.   Section 1983 Claim for Conspiracy

Pozuelos and Wessely next argue that Plaintiff's § 1983 claim for conspiracy should be dismissed because it fails to allege sufficiently specific facts to state a claim. Mot. at 24. "To state a claim for a conspiracy to violate one's constitutional rights under § 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989). "[A] plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." Crowe, 608 F.3d at 440 (quoting Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999)). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Mendocino Envtl. Ctr., 192 F.3d at 1301.

Here, Plaintiff does not allege sufficient facts to demonstrate an agreement between Pozuelos and Wessely. The thrust of Plaintiff's FAC is that Pozuelos "caused the San Bernardino County District Attorney's Office to file a knowingly false, fabricated, and baseless criminal complaint." FAC ¶ 67. Plaintiff does not allege that Wessely cooperated with Pozuelos to falsify or withhold facts for the arrest warrant and criminal complaint. Nor does Plaintiff allege that Wessely assisted Pozuelos in her fraud investigation. Although the FAC alleges that after the arrest warrant issued, Pozuelos coordinated with Wessely to arrest Plaintiff unlawfully, this is a conclusory statement that fails to demonstrate the existence of an actual agreement between Defendants to deprive Plaintiff of his constitutional rights. Id. ¶ 39-40, 67. See Solomon v. Las Vegas Metro. Police Dep't, 441 F. Supp. 3d 1090, 1100 (D. Nev. 2020) (dismissing plaintiff's § 1983 conspiracy claim because he failed to plead specific facts showing an agreement existed between defendants, what the agreement entailed, what defendants' objectives were, or how defendants communicated with each other before making an allegedly unlawful arrest).

Defendants' Motion with respect to Plaintiff's § 1983 conspiracy claim is GRANTED with leave to amend.

### C. Section 1983 Claim for Unreasonable Seizure of Person

Pozuelos and Wessely next argue that Plaintiff's second claim for unreasonable seizure of person should be dismissed because it is "subsumed" within Plaintiff's sixth claim for malicious prosecution. Mot. at 2, 15-16. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). A false arrest occurs when detention is made "*without legal process*," such as an arrest without a warrant. Wallace v. Kato, 549 U.S. 384, 389 (2007). "[T]he entirely distinct tort of malicious prosecution . . . remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." Id. at 390 (citations omitted). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process of arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Id.

Here, Plaintiff sufficiently alleges claims for unlawful arrest and malicious prosecution. As previously discussed, Plaintiff alleged that Wessely arrested him prior to the issuance of the arrest warrant and without probable cause. FAC ¶ 49. Plaintiff remained in jail for nearly five days without the possibility of bail. Id. ¶ 54. Thus, Plaintiff may proceed with a false arrest claim covering the five days he spent in jail prior to his arraignment because Wessely made the arrest without legal process. See Wallace, 549 U.S. at 389. On March 2, 2020, Plaintiff was arraigned on his criminal charges. Id. ¶ 58. Any damages recoverable after that date will be based on Plaintiff's malicious prosecution claim. Id.

Defendants' Motion with respect to Plaintiff's § 1983 unlawful seizure of person claim is DENIED.

### D. Section 1983 Claim for Deliberate Fabrication of Evidence and Withholding of Material Information

Pozuelos next argues that the Court should dismiss Plaintiff's fifth claim for deliberate fabrication of evidence and withholding of material information because it is duplicative of his sixth claim for malicious prosecution. Mot. at 21-22. Pozuelos further argues that no Fourteenth Amendment caselaw gives rise to Plaintiff's claim. Id. However, "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001). In order to state a § 1983 claim based on a deliberate fabrication of evidence, a plaintiff must plead facts that, if true, would establish: "(1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Id. at 1076.

Here, Plaintiff alleges sufficient facts to state a claim for deliberate fabrication of evidence. Plaintiff alleges that Pozuelos continued her CDI investigation despite discovering exculpatory evidence proving Plaintiff's innocence. Specifically, Plaintiff points to several interviews conducted by Pozuelos of medical insurance representatives who provided information that contradicted Pozuelos's fraud accusations against Plaintiff. FAC ¶ 32. Additionally, Plaintiff refers to an interview conducted by Pozuelos of a helicopter pilot who confirmed that Plaintiff paid him for use of the helicopter during the Baja California motorsport race, "contrary to the gravamen of [Defendant's] allegations that Symons' air ambulance claims were fraudulent." Id. Further, Plaintiff alleges that the vice president of operations of the motorsport race told Pozuelos that he authorized Plaintiff to bill insurance companies for his medical services. Id. Accepting as true all non-conclusory facts alleged in the FAC and drawing all reasonable inferences in favor of Plaintiff, the FAC

8

contains sufficient factual allegations to support a § 1983 due process claim against Pozuelos for deliberate fabrication of evidence.

The Motion is DENIED with respect to Plaintiff's fifth claim.

### E. Intentional Infliction of Emotional Distress

Defendants next argue that Plaintiff's eighth claim for IIED should be dismissed because (1) it is untimely, and (2) Plaintiff fails to allege "extreme and outrageous" conduct. Mot. at 18-21. A cause of action for intentional infliction of emotional distress exists when there is "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). Behavior may be considered outrageous if the defendant "abuses a relation or position which gives him power to damage the plaintiff's interest." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 713 (1994); see also C.B. v. Moreno Valley Unified Sch. Dist., 544 F. Supp. 3d 973, 994 (C.D. Cal 2021). Further, an IIED claim against a public employee "shall be presented . . . not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2. A tort cause of action accrues at the time of injury. Shively v. Bozanich, 31 Cal.4th 1230, 1247 (2003).

Plaintiff's IIED claim fails because it is untimely. Plaintiff alleges his emotional distress resulted from his unlawful arrest on February 27, 2020, and his five-days detention until March 2, 2020. FAC ¶¶ 39, 113. Thus, Plaintiff had until no later than September 2, 2020—or six months from the accrual of his injury—to file his claim with the State. However, Plaintiff did not file his government claim form until January 13, 2022. Id. ¶ 11. Therefore, Plaintiff's IIED claim is barred by the statute of limitations.

Plaintiff argues that California Government Code § 945.3 tolled the statute of limitations on his IIED claim from the date of his arrest until the date his criminal complaint was dismissed on July 16, 2021,

9

and thus the filing of his claim on January 13, 2022, was timely. Opp'n at 15-16. Section 945.3 states that "[n]o person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer . . . based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court." Cal. Gov't Code § 945.3. The statute further provides that "[a]ny applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." Id.

However, § 945.3 does not "prohibit the filing of a claim with the board of a public entity" or "extend the time within which a claim is required to be presented pursuant to Section 911.2." Cal. Gov't Code § 945.3; see McMartin v. Cnty. of Los Angeles, 202 Cal. App. 3d 848, 855 (1988) (holding that § 945.3 tolling provisions apply only to prosecuting civil actions and not claim filing requirements). Therefore, although § 945.3 prohibited Plaintiff from prosecuting his IIED claim while he faced criminal charges, the statute still required Plaintiff to file notice of his IIED claim within six months of its accrual. Plaintiff filed his IIED claim nearly 2 years after it accrued, his IIED claim is untimely. Defendants' Motion is therefore GRANTED with leave to amend with respect to Plaintiff's IIED claim.[1]

## IV. CONCLUSION

The motion to dismiss is GRANTED in part and DENIED in part with leave to amend consistent with this Order. An amended complaint must be filed and served no later than August 29, 2022. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or claims must be sought by a separate, properly noticed motion. If no amended complaint is filed, Defendants' answer will be

---

[1] Because Plaintiff's IIED claim is dismissed as untimely, the Court does not reach Defendants' other argument.

10

due September 15, 2022. A redlined version of any amended complaint must be submitted to the Court's generic email box.

IT IS SO ORDERED.

Date: July 27, 2022

Dale S. Fischer
United States District Judge