ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
THOMAS M. MCMAHON
Deputy Attorney General
State Bar No. 106074
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6616
  Fax:  (916) 731-2120
  E-mail:  Thomas.McMahon@doj.ca.gov
*Attorneys for Defendants*
*Lori Pozuelos and Jason Wessely*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF T. GRANGE, M.D.,**<br><br>Plaintiff,<br><br>v.<br><br>**LORI POZUELOS AND JASON WESSELY,**<br><br>Defendants. | 5:22-cv-00340 DSF (AGRx)<br><br>**DECLARATION OF JASON WESSELY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:        April 8, 2024<br>Time:       1:30 pm<br>Courtroom:  7D<br>Judge:       The Honorable Dale S. Fischer<br>Trial Date:  11/12/2024<br>Action Filed: 2/24/2022 |

I, Jason Wessely, declare:

1.) I am a Regional Supervising Investigator with the California Department of Insurance ("CDI"), and a defendant in this action. I submit this declaration in support of Defendant Jason Wessely's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("the Motion"). I have personal knowledge of the facts recited herein, and if called as a witness, could and would testify competently thereto.

1

2.) In February of 2020, I had been working as a Detective with CDI for six years. As a peace officer, I was authorized to make arrests within the State of California.

3.) Prior to working for CDI, and for approximately 15 years, I was police officer with the City of Upland and the Fontana School District, and an investigator for another State agency.

4.) Since 2017, I have been an adjunct professor in criminal justice at Taft Community College, and teach classes on such topics as Introduction to Administration of Justice, which includes the proper procedures with respect to arrests and warrants.

5.) My supervisor in February of 2020 was Sergeant Joe Lopez ("Lopez"). My team, working under Lopez, included Detective Anthony Camacho ("Camacho") and Detective Lori Pozuelos ("Pozuelos).

6.) Prior to February of 2020, Pozuelos had conducted a criminal investigation of Plaintiff Jeff T. Grange ("Grange"), and had submitted it to the San Bernardino County District Attorney's Office ("SBDA"). I was not involved in this criminal investigation, and was not aware of any of the facts relating to it.

7.) A few days prior to February 27, 2020, Lopez told me that I would be part of a team to arrest Grange on charges of insurance fraud, if and when a judge of the San Bernardino County Superior Court ("Superior Court") issued an arrest warrant. The arrest team would include Lopez, Camacho and myself.

8.) Lopez told me that the plan was to arrest Grange in a parking lot adjacent to the Superior Court. Pozuelos advised the arrest team that Grange had been attending a trial in a civil action at the Superior Court, and might be in the parking lot after the proceedings concluded for the day.

9.) Lopez told me that he chose that location because of an officer safety concern. Pozuelos advised the arrest team that Grange had multiple weapons and a secured home. An arrest at the parking lot, after Grange had been screened for

2

1  weapons at the Superior Court, would avoid a possibility of a confrontation at his
2  home and address the officer safety concern.
3      10.) On the morning of February 27, 2020, Lopez told me that the SBDA had
4  decided to file criminal charges against Grange that day, and that Pozuelos would
5  be appearing at the Superior Court to obtain an arrest warrant. Accordingly, the
6  arrest team would travel to the Superior Court's parking lot, and attempt to arrest
7  Grange after the warrant was issued.
8      11.) In the early afternoon of February 27, 2020, Camacho and I arrived at the
9  parking lot in our vehicle. Lopez also arrived at the parking lot in a separate
10 vehicle. We located Grange's vehicle, using his license plate number. We had a
11 DMV photograph of Grange so that we could identify him. We waited in the
12 parking lot for further information.
13     12.) In the late afternoon of February 27, 2020, at some point after 3:30 p.m.,
14 I received a communication from Lopez, through our CDI-issued radios. Lopez told
15 me that he had just received word from Pozuelos that a judge of the Superior Court
16 had signed the warrant for the arrest of Grange. Lopez told me that Camacho and I
17 should arrest Grange if and when he appeared in the parking lot.
18     13.) Approximately 5 to 10 minutes after I received the communication from
19 Lopez, we observed Grange in the parking lot. Camacho, Lopez and I exited our
20 vehicles. I approached Grange and told him that there was a warrant for his arrest. I
21 placed Grange under arrest, in the presence of Lopez, Camacho and Grange's
22 lawyer.
23     14.) My arrest of Grange was not pursuant to any belief on my part with
24 respect to the existence of probable cause. I arrested him solely because I was told
25 by my supervisor, Lopez, that a warrant for Grange's arrest had been signed by a
26 judge of the Superior Court. If I had not been told that by Lopez, I would not have
27 arrested Grange.
28

1  15.) Before transporting Grange to the West Valley Detention Center for
2  booking, the arrest team waited with Grange and his lawyer in the parking lot for a
3  copy of the signed arrest warrant. Approximately 20 to 30 minutes after Wessely
4  advised Grange that there was a warrant for his arrest, a detective delivered a signed
5  copy of the arrest warrant to the arrest team in the Superior Court's parking lot. A
6  true and correct copy of the signed arrest warrant is at Tab 39 of the Exhibits.

7  16.) Late in the afternoon of February 27, 2020, after the arrest team had
8  received a signed copy of the arrest warrant, Camacho and I transported Grange to
9  the West Valley Detention Center for booking.

10  17.) I recorded the arrest of Grange, and wrote an arrest report. Both the
11  recording and the report have been produced in this case. A true and correct copy of
12  the arrest report is at Tab 40 of the Exhibits.

13  18.) I had no further involvement with the arrest or prosecution of Grange.

15  I declare under penalty of perjury of the laws of the United States of America
16  that the foregoing is true and correct, and that this declaration is executed this _7_
17  day of March, 2024 at Rancho Cucamonga, California.

19  Jason Wessely