ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
THOMAS M. MCMAHON
Deputy Attorney General
State Bar No. 106074
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6616
 Fax:  (916) 731-2120
 E-mail:  Thomas.McMahon@doj.ca.gov
*Attorneys for Defendants*
*Lori Pozuelos and Jason Wessely*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF T. GRANGE, M.D.,**<br><br>Plaintiff,<br><br>v.<br><br>**LORI POZUELOS AND JASON WESSELY,**<br><br>Defendants. | 5:22-cv-00340 DSF (AGRx)<br><br>**DECLARATION OF THOMAS M. McMAHON IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: April 8, 2024<br>Time: 1:30 p.m.<br>Courtroom: 7D<br>Judge: The Honorable Dale S. Fischer<br>Trial Date: 11/12/2024<br>Action Filed: 2/24/2022 |

I, Thomas M. McMahon, declare:

1.) I am an attorney licensed to practice in California and before this Court and am a Deputy Attorney General for the State of California. I represent Defendants Jason Wessely and Lori Pozuelos (collectively "Defendants") in this action and submit this Declaration in support of Defendants' Motions for Summary Judgment, or in the Alternative, Partial Summary Judgment ("the Motions"). I have

/ / /

1  personal knowledge of the facts recited herein, and if called as a witness, could and
2  would testify competently thereto.
3    2.) I have met and conferred with counsel for Plaintiff Jeff T. Grange, M.D.
4  ("Grange"), Daniel Lahana, concerning the Motions. On February 20, 2024, I had a
5  telephone conversation with Mr. Lahana. I advised him that Defendants believed
6  there were no controverted issues of material fact, and that each Defendant was
7  entitled to judgment as a matter of law on the claims for relief in the First Amended
8  Complaint pursuant to 42 U.S.C. Section 1983. I explained the reasons for
9  Defendants' positions, which are set forth in the accompanying Motions. Mr.
10 Lahana advised me that Grange disagreed with my positions and would oppose the
11 Motions. On at least two other occasions, I had asked Grange's counsel to dismiss
12 Wessely from this action because the uncontradicted evidence established that, as a
13 line officer executing an arrest warrant issued by a judge, at the direction of his
14 superior officer, Wessely was entitled to qualified immunity. Grange's counsel
15 repeatedly refused to dismiss Wessely.
16    3.) Attached at Tab 34 of Defendants' Exhibits in Support of the Motions
17 ("Exhibits") is a true and correct copy of Grange's Responses to Interrogatories
18 propounded by Pozuelos. To protect their confidentiality, the names of patients
19 have been redacted from this Exhibit.
20    4.) Attached at Tab 35 of the Exhibits are true and correct copies of pages
21 excerpted from the certified transcript of the deposition of Lance Cantos, taken in
22 this action on November 15, 2023.
23    5.) Attached at Tab 36 of the Exhibits are true and correct copies of pages
24 excerpted from the certified transcript of the deposition of Rebeca Hynds, taken in
25 this action on December 14, 2023.
26    6.) Attached at Tab 37 of the Exhibits are true and correct copies of pages
27 excerpted from the certified transcript of the deposition of Plaintiff Jeff T. Grange,
28 taken in this action on November 17, 2023.

1  7.)  Attached at Tab 38 of the Exhibits are true and correct copies of pages excerpted from the certified transcript of the deposition of Mitchell Neumeister, taken in this action on January 9, 2024.

8.)  In this action, counsel for Grange issued subpoenas to both the San Bernardino County District Attorney's Office ("SBDA") and the San Bernardino County Superior Court ("Superior Court") for the production of documents relating to the arrest or prosecution of Grange. Counsel for Defendants concurred in the service of these subpoenas. The documents produced by both SBDA and the Superior Court did not contain a copy of the confidential discovery package that Deputy District Attorney Lance Cantos testified was put together by his office, and delivered to the Superior Court on the morning of February 27, 2020, to support the filing of the criminal complaint and issuance of an arrest warrant.

9.) The documents produced by Grange in this action include communications from his counsel to Cantos, after Grange was arrested, concerning the merits of the criminal charges.

10.)  I have reviewed transcripts from the trial of the civil *qui tam* action. Grange testified at that trial.

I declare under penalty perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of March, 2024, at Los Angeles, California.

/s/ THOMAS M. McMAHON
Thomas M. McMahon