# EXHIBIT 40

```
 1   SUPERIOR COURT OF THE STATE OF CALIFORNIA
     COUNTY OF SAN BERNARDINO
 2   Civil Action - Law
 3   No. CIVDS-1607744
     ---------------------------------------x
 4    PEOPLE OF THE STATE OF                 :
 5    CALIFORNIA, ex rel. SISTEMAS           :
      MEDICOS NACIONALES S.A. de C.V.        :
 6    dba SIMNSA HEALTH PLAN,                :
 7               Plaintiff,                  :
 8             - vs -                        :
 9    SYMONS EMERGENCY SPECIALTIES,          :
      INC., a California Corporation;        :
10    SYMONS AMBULANCE, a California         :
      Corporation; JEFF T. GRANGE,           :
11    M.D., INC., and DOES 1 through         :
      25, Inclusive,                         :
12               Defendants.                 :
13   ---------------------------------------x
14   _____
15      Video Deposition of DOUGLAS M. WOLFBERG, ESQ.
16   _____
17   Network Deposition Services     January 28, 2020
     2000 Linglestown Road, Suite 102
18   Harrisburg, PA                        12:04 p.m.
     _____
19       IT IS HEREBY STIPULATED and agreed that the
20   sealing of the within transcript is waived.
         IT IS FURTHER STIPULATED and agreed that all
21   objections except as to the form of the question
     are reserved to the time of trial.
22   _____
23
24
25   PAGES 1 - 48
```

Page 1

```
 1
    APPEARANCES:
 2
 3     KENNADAY LEAVITT OWENSBY, PC
       621 Capitol Mall, Suite 2500
 4     Sacramento, CA 95814
       BY:  JOSEPH CACHUELA, ESQ.
 5          (Via Videoconference)
            (916) 732-3060
 6
            For the People of the State of
 7          California, ex rel. Sistemas Medicos
            Nacionales S.A. de C.V. dba SIMNSA Health
 8          Plan
 9
       GARCIA REED & RAMIREZ, LLP
10     1447 Ford Street, Suite 200A
       Redlands, CA 92374
11     BY:  RAUL B. GARCIA, ESQ.
            (Via Videoconference)
12          (951) 530-4810
13          For the Defendants Symons Emergency
            Specialties, Inc., a California
14          Corporation, Symons Ambulance, a
            California Corporation, Jeff T. Grange
15
16     CALIFORNIA DEPARTMENT OF INSURANCE
       300 Capitol Mall, 16th Floor
17     Sacramento, CA 95814
       BY:  MITCHELL S. NEUMEISTER, ESQ.
18          (Via Videoconference)
            (916) 492-3133
19
            For the Insurance Commissioner of the
20          State of California and the California
            Department of Insurance
21
22
    ALSO PRESENT:
23
       Ken Hasse, Videographer
24
25
                                              Page 2
```

```
 1                        INDEX
 2
 3   WITNESS            EXAMINATION BY              PAGE
 4   Douglas M. Wolfberg, Esq.
 5                  Mr. Cachuela                       5
 6                  Mr. Garcia                        42
 7
 8                       EXHIBITS
 9   EXHIBIT        DESCRIPTION                     PAGE
10   EXHIBIT 1-A Deposition Subpoena.................6
11   EXHIBIT 1-B Subpoena to Attend and Testify.....--
12   EXHIBIT 1-C Affidavit of Service...............--
13   EXHIBIT 1-D Notice of Taking Deposition........--
14   EXHIBIT 2   Defendant's Expert Witness
15               Designation........................--
16   EXHIBIT 3   Declaration of Douglas M.
17               Wolfberg in Opposition to
18               Motion for Summary Adjudication....21
19
20
21
22
23
24
25
```

Page 3

```
 1   completed?
 2        A.   No.
 3        Q.   You mentioned your report.  Was that
 4   provided to us previously?
 5        A.   Yes.
 6        Q.   Are you talking about the -- your
 7   declaration in support of a motion for summary
 8   adjudication?
 9        A.   Yes.
10        Q.   Okay.  Mr. Wolfberg, does that
11   declaration contain any opinions that you have
12   reached thus far in this case?
13        A.   Yes.
14        Q.   Let's take them one at a time.  What
15   is the first opinion that you reached in this
16   case?
17        A.   May I refer to my report, my
18   declaration?
19        Q.   Absolutely, yes.
20        A.   Thank you.  I am referring to what in
21   front of me has been marked as Exhibit 3, and
22   that is my declaration.
23             My first opinion -- I don't count this
24   as opinion because I believe it is fact.  But I
25   will read this as the first sort of conclusion.
```

Page 21

1  Although HCPCS codes, H-C-P-C-S codes, are
2  required to be used on standardized electronic
3  claims for air ambulance services, and although
4  HCPCS codes have standardized descriptions, they
5  do not contain standardized definitions for the
6  various services they describe.
7         Q.  And you are reading from Paragraph 6
8  there; is that correct?
9         A.  Yes.
10        Q.  What did you base that opinion on?
11        A.  The fact that payors have different
12 substantive definitions of health care services
13 for which they pay.  The only thing that is
14 standardized in the health care claims process
15 are the labels or descriptions of the codes.
16 But the definition as to what each code
17 substantively means is -- will vary based on the
18 payor.
19            So, I get into that later in my
20 declaration.  But that is the initial statement
21 of import that relates to that.
22        Q.  Did you review any statutes, federal
23 regulations, cases, or literature in support of
24 coming up with that opinion?
25        A.  Primarily federal regulations under

1          Q.   Do you have any further tentative
2     opinions that you intend to investigate?
3          A.   No.
4          Q.   Have you formed an opinion on the
5     differences in requirements for air ambulance
6     services conducted in Mexico versus the United
7     States?
8          A.   No.
9          Q.   Are you going to opine on whether it
10    is appropriate for a provider to submit a claim
11    for air ambulance services using HCPCS codes
12    A0431 and A0436 when the owner doesn't own,
13    rent, lease, or pay for the helicopter that was
14    used?
15         A.   I'm sorry, was your question did I
16    form an opinion on that?  Or do I have an -- I'm
17    sorry, can you repeat the beginning of that
18    question?
19         Q.   Sure.  Did you form an opinion on
20    that, whether it is appropriate for a provider
21    to submit claims for air ambulance services
22    using HCPCS codes A0431 and A0436 when that
23    provider hasn't owned, rented, leased, or paid
24    for the helicopter that was used?
25         A.   Yes, I do have an opinion on that.

Page 34

1     Q.  What is your opinion?
2     A.  My opinion is that there is not an
3  express requirement of ownership or leasing of a
4  vehicle or an aircraft as a precondition of
5  billing, particularly in the commercial
6  insurance context.
7         Again, it is important to separate
8  those standards from the standards that might be
9  applicable to enrollment of a provider in the
10 Medicare or Medicaid programs.  There are
11 specific regulations and statutes which speak to
12 those issues for the privilege of being enrolled
13 in those programs.  But because those standards
14 don't automatically apply to other payors, if
15 the payor does not establish a standard, it is
16 unfair to assume that those same standards from
17 a federal or state health care program simply
18 apply because they do and nobody took the time
19 to write their own standards, so let's just
20 borrow somebody else's.  That is, I believe,
21 improper.
22         Secondly, I have personally worked on
23 arrangements where providers that do not own or
24 lease vehicles are still able to bill for
25 services to commercial payors and including

1     state and federal health care programs under
2     specific types of factual arrangements.  So,
3     there is precedent for that type of arrangement.
4           Q.  Do you know the names of those
5     companies who have that arrangement?
6           A.  No.  And if I could recall them, I
7     wouldn't be able to disclose them.
8           Q.  What is the basis for that opinion
9     that you just gave?
10          A.  Well, there is a variety.  It is
11    dependent on an arrangement.  Because in
12    emergency medical services, there are entities
13    that are volunteer, that still have volunteer
14    labor throughout the United States, that don't
15    incur personnel costs, that have had vehicles
16    donated and don't incur vehicle costs.
17    Sometimes ownership of those vehicles has been
18    retained by other organizations.
19              So, there have been circumstances.
20    And I am simply saying that to paint with as
21    broad of a brush to say you have to have --
22    either show us you own or lease the vehicle and
23    you incur these costs or you have no business
24    billing for them, that is not supported by
25    either experience or by the law, as far as I

Page 36

```
 1                  C E R T I F I C A T E
 2
 3      I, Angela N. Kilby, the officer before whom
 4   the within deposition(s) was taken, do hereby
 5   certify that the witness whose testimony appears
 6   in the foregoing deposition(s) was duly sworn by
 7   me on said date and that the transcribed
 8   deposition of said witness is a true record of
 9   the testimony given by said witness;
10      That the proceeding is herein recorded fully
11   and accurately;
12      That I am neither attorney nor counsel, nor
13   related to any of the parties to the action in
14   which these depositions were taken, and further
15   that I am not a relative of any attorney or
16   counsel employed by the parties hereto, or
17   financially interested in this action.
18
19   [signature]
20
21      Angela N. Kilby, Reporter
22      Notary Public in and for the
23      Commonwealth of Pennsylvania
24   My commission expires
25   June 2, 2023
```