ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
THOMAS M. MCMAHON
Deputy Attorney General
State Bar No. 106074
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6616
  Fax:  (916) 731-2120
  E-mail:  Thomas.McMahon@doj.ca.gov
*Attorneys for Defendants*
*Lori Pozuelos and Jason Wessely*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF T. GRANGE, M.D.,** | 5:22-cv-00340 DSF (AGRx) |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
| v. | |
| **LORI POZUELOS AND JASON WESSELY,** | |
| Defendants. | |
| | Date:          April 8, 2024 |
| | Time:         1:30 p.m. |
| | Courtroom:  7D |
| | Judge:        The Honorable Dale S. Fischer |
| | Trial Date:   11/12/2024 |
| | Action Filed: 2/24/2022 |

Defendants Lori Pozuelos ("Pozuelos") and Jason Wessely ("Wessely") submit these Objections to Evidence submitted by Plaintiff Jeff Grange ("Grange") in Opposition to Defendants' Motions for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Motions"), and their Response to Grange's Evidentiary Objections.

## DEFENDANTS' EVIDENTIARY OBJECTIONS

### Declarations

### Declaration of Kamari Brownlow

Defendants object to the phrase "ambulance services" in paragraph 12, line 4, to the word "mobile" in paragraph 12, line 7, and to the phrase "and would typically have an ambulance on standby" in paragraph 12, line 11, on the ground that these statements lack foundation and constitute speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 15 in its entirety on the ground that it lacks foundation, and constitutes speculation and inadmissible opinion testimony, as to what billing code A0434 signifies to medical insurers, and under what circumstances it is properly used by a medical services provider. Fed. R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 16 in its entirety on the ground that it lacks foundation, and constitutes speculation and inadmissible opinion testimony, as to whether a claim form using billing code A0434 represents to a medical insurer that a patient has been transported, and whether there was anything false or misleading in the ground ambulance claim forms submitted by Symons. Fed. R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 19, line 12, "[w]e always accurately answered their questions," on the ground that it lacks foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

///

2

1   Defendants object to paragraph 19, lines 12-14, "I do not believe that any

2   insurance companies were misled about whether a patient was transported or not,"

3   on the ground that it lacks foundation, and constitutes speculation and inadmissible

4   opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are also not

5   relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401,

6   402.

7   Defendants object to paragraph 19, lines 14-15, "To my knowledge, insurance

8   company representatives never told us that Symons could not bill for ambulance

9   services in these circumstances," on the ground that it lacks foundation, and

10  constitutes speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701.

11  Brownlow's opinions are also not relevant to the existence of probable cause or

12  judicial deception. Fed. R. Evid. 401, 402.

13  Defendants object to paragraph 20, lines 16-17, "As for the ambulance claims,

14  these claims also accurately reflected the services provided," on the ground that it

15  lacks foundation, and constitutes speculation and inadmissible opinion testimony.

16  Brownlow's opinions are also not relevant to the existence of probable cause or

17  judicial deception. Fed. R. Evid. 401, 402.

18  Defendants object to the phrase "performed by Symons" in paragraph 20, line

19  18, on the ground that it lacks foundation, and constitutes speculation and

20  inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are

21  also not relevant to the existence of probable cause or judicial deception. Fed. R.

22  Evid. 401, 402.

23  Defendants object to paragraph 21, lines 7-8, "[n]either of these codes contain

24  a representation that the provider owns, leases, or rents the helicopter used in the air

25  ambulance rescue and transport," on the ground that it lacks foundation, and

26  constitutes speculation, legal conclusion and inadmissible opinion testimony. Fed.

27  R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of

28  probable cause or judicial deception. Fed. R. Evid. 401, 402.

1      Defendants object to paragraph 21, lines 9-11, "[a]dditionally, when

2  completing a claim form to be submitted to an insurer for air ambulance services,

3  there is no way to indicate whether or not the provider owns, leases, or rents the

4  helicopter that was used," on the ground that it lacks foundation, and constitutes

5  speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701.

6  Brownlow's opinions are also not relevant to the existence of probable cause or

7  judicial deception. Fed. R. Evid. 401, 402.

8      Defendants object to paragraph 21, lines 15-17, "[i]n my experience, the

9  relevant factor is whether there is a licensed medical professional on board the

10  helicopter who responds to and treats the patient," on the ground that it lacks

11  foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R.

12  Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of

13  probable cause or judicial deception. Fed. R. Evid. 401, 402.

14      Defendants object to paragraph 22, lines 18-19, "[i]t is my responsibility to

15  determine the specific HCPCS codes that are included in the claim forms submitted

16  to insurers," on the ground that it lacks foundation, and constitutes speculation, a

17  legal conclusion, and inadmissible opinion testimony. Fed. R. Evid. 602, 701.

18  Brownlow's opinions are also not relevant to the existence of probable cause or

19  judicial deception. Fed. R. Evid. 401, 402.

20      Defendants object to paragraph 22, lines 23-24, "[t]his was intended to ensure

21  claims were accurately submitted to insurers," on the ground that it lacks

22  foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R.

23  Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of

24  probable cause or judicial deception. Fed. R. Evid. 401, 402.

25      Defendants object to paragraph 22, lines 2-3 "[t]hese decisions are ultimately

26  based on my own judgment or the judgment of the biller handling the particular

27  claim," on the ground that it lacks foundation, and constitutes speculation, a legal

28  conclusion and inadmissible opinion testimony. Fed. R. Evid. 602, 701.

Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 22, lines 3-4 "I pride myself on compliance with all applicable laws, regulations, and policies, and I am not alone in having this outlook," on the ground that it lacks foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 22, lines 4-8 "[o]n numerous occasions, Dr. Grange has made it clear that all claims submitted on behalf of Symons must accurately reflect the services provided, and if there was ever any doubt as to whether or how a claim should be submitted, Dr. Grange would always defer to my judgment," on the ground that it lacks foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 23 in its entirety on the ground that Brownlow's deposition testimony in the civil *qui tam* action is hearsay as to which no exception applies. Defendants further object to paragraph 23, lines 13-16 "by staffing helicopters with licensed medical professionals who responded and provided emergency medical care to patients, Symons was entitled to bill for air ambulance services irrespective of whether it owned or leased the helicopter," on the ground that it lacks foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R. Evid. 801, 802, 602, 701. Brownlow's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 24, lines 19-23, "[h]ad Detective Pozuelos asked to interview me, I would have explained to her the facts discussed above,

1  including that the claims submitted by Symons accurately reflected the services

2  provided and that Dr. Grange did not personally submit bills to insurers, nor did he

3  instruct the billing department as to which billing codes to use for any particular

4  claim," on the ground that it lacks foundation, and constitutes speculation and

5  inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are

6  also not relevant to the existence of probable cause or judicial deception. Fed. R.

7  Evid. 401, 402.

8      Defendants object to paragraph 24, lines 2-3, "it would therefore should have

9  been clear to Detective Pozuelos that I was responsible for Symons' billing," on the

10 ground that it lacks foundation, and constitutes speculation, a legal conclusion and

11 inadmissible opinion testimony. Fed. R. Evid. 602, 701. Brownlow's opinions are

12 also not relevant to the existence of probable cause or judicial deception. Fed. R.

13 Evid. 401, 402.

14 **Declaration of Karen Laser**

15     Defendants object to the Declaration of Karen Laser in its entirety, and to

16 expert report attached thereto as Exhibit 51, on the following grounds.

17     Laser's opinions are not relevant to the issues raised by Defendants' Motions.

18 Fed. R. Evid. 401, 402. Laser does not opine on whether the facts revealed by

19 Pozuelos' investigation establish probable cause for the arrest of Grange, or the

20 other orders sought by the SBDA from the Superior Court, let alone that no

21 reasonable investigating officer could have believed that probable cause existed.

22 Nor does she opine that Pozuelos engaged in judicial deception. Laser also states no

23 opinions, of any kind, with respect to Wessely's conduct in executing the warrant

24 for Grange's arrest.

25     To the extent Laser is purporting to opine that exculpatory information was

26 omitted from Pozuelos' initial investigation report, a proper foundation for an

27 expert opinion has not been laid. Fed. R. Evid. 602, 702. Laser has no training or

28 experience, whatsoever, in the investigation of medical insurance fraud. Rather, her

background, as demonstrated by her C.V., is almost exclusively in police use-of-force situations. Accordingly, Laser has no basis for opining on what type of information would be exculpatory in the context of a major criminal investigation of medical insurance fraud. Laser's report also fails to address the uncontroverted fact that Pozuelos submitted voluminous supplemental reports, interview notes and backup documentations to SBDA, and therefore, did not omit most of the items of information cited by Laser.

Moreover, whether any omitted exculpatory information was ***material*** to the probable cause for the issuance of the arrest warrant and other orders is a question of law, for this Court to determine. *KRL v. Moore*, 384 F.3d 1104, 1117 (9th Cir. 2004). An expert's opinion on a question of law is plainly inadmissible.

At best, Laser's report critiques the investigative procedures and report-writing techniques used by Pozuelos, rather than the substance of her analysis, conclusion and recommendation. Such opinions are irrelevant to the issues raised by Defendants' Motions. Fed. R. Evid. 401, 402.

**Declaration of Jeff Grange**

Defendants object to paragraph 4 in its entirety on the ground that Grange's characterization of the air transport fraud claims lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Grange's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 5 in its entirety on the ground that Grange's characterization of whether he benefitted from the insurance companies' $2 million in payments to Symons lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Grange's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

///

Defendants object to the word "warrant" in paragraph 13, line 8, on the ground that Grange's characterization of what Lopez was referring to by the word "it" lacks foundation, and constitutes speculation and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Grange's speculation and opinion is also not relevant to whether Wessely believed that the arrest warrant had been signed. Fed. R. Evid. 401, 402.

Defendants object to paragraph 14 in its entirety on the ground that Grange's characterization of the basis for the bail hold requested by SBDA from the Superior Court lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Grange's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 16 in its entirety on the ground that Grange's characterization of the propriety of Symons billings for ground and air transports lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Grange's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraph 17 in its entirety on the ground that Grange's statement of what he was told a CDI attorney had said is double hearsay, as to which no exception applies. In addition, Grange's characterization of the communication lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 801, 802, 602, 701. Grange's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to the phrase "based on lack of evidence" in paragraph 19, line 13, on the ground that Grange's characterization of SBDA's dismissal of the criminal charges lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 602, 701. Grange's opinions are

///

also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

**Declaration of Raul Garcia**

Defendants object to paragraph 7, and to Exhibit 33, on the ground that there is no foundation for Garcia to authenticate the audio recording. He did not make the audio recording, or maintain it. Fed. R. Evid. 901. The audio recording is hearsay, as to which no exception applies. Fed. R. Evid. 801, 802. Other than Wessely's statements, the statements on the recording are also hearsay, as to which no exception applies. Fed. R. Evid. 801, 802.

Defendants object to paragraph 12 in its entirety on the ground that it is irrelevant, speculation, legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 401, 402, 602, 701. Garcia's opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to the portions of paragraphs 11, 13 and 14 which purport to state what Mitchell Neumeister, Curtis Leavitt and another attorney said, on the grounds that it is hearsay as to which no exception applies, and is not relevant to the issues raised by Defendants' Motions. Fed. R. Evid. 801, 802 and 401 and 402.

The website for the State Bar of California states that Raul Benjamin Garcia is suspended from the practice of law.

**Declaration of Raymond Ramirez**

Defendants object to the phrase "regarding the same matter for which he was being arrested," in paragraph 3, line 13, on the ground that it lacks foundation, and constitutes speculation, a legal conclusion and inadmissible opinion testimony. Fed. R. Evid. 602 and 701. Ramirez' opinions are also not relevant to the existence of probable cause or judicial deception. Fed. R. Evid. 401, 402.

Defendants object to paragraphs 5 and 8, and to Exhibit 34, on the grounds that (i) the phone bill has not been properly authenticated, (ii) the phone bill is hearsay as to which no exception applies, and (iii) the phone bill was not produced

1  to Defendants' counsel until after the close of all discovery related to liability
2  issues. Fed. R. Evid. 901, 801 and 802.

3      Defendants object to paragraph 6 in its entirety on the ground that it is not
4  relevant to the issues raised by Defendants' Motions. Fed. R. Evid. 401, 402.

5      Defendants object to the portions of paragraph 10 which purport to state what
6  Raul Garcia and an attorney for the State said, on the ground that it is hearsay as to
7  which no exception applies, and not relevant to the issues raised by Defendants'
8  Motions. Fed. R. Evid. 801, 803 and 401, 402.

9      Defendants object to the portions of paragraph 11 which purport to state what
10  Lance Cantos said, on the ground that it is hearsay as to which no exception
11  applies, and not relevant to the issues raised by Defendants' Motions. Fed. R. Evid.
12  801, 803 and 401, 402. Defendants take particular exception to Ramirez' statement
13  that "[Cantos] had, prior to this, perhaps at the bail hearing, informed me that he
14  was a bit annoyed at the pressure they were placing on him to file a complaint
15  against Dr. Grange for the same matters at issue in the qui tam civil matter.)
16  (Ramirez Decl. at p. 4, lines 3-6.) When deposed in this action, Cantos specifically
17  refused to say that he was "pressured." (Cantos Deposition Transcript at 45:17-
18  46:3, Appendix hereto.)

19  **Declaration of Dawn Downs**

20      Defendants object to paragraphs 6, and to Exhibit 44, on the grounds that (i)
21  the phone bill has not been properly authenticated, (ii) the phone bill is hearsay as
22  to which no exception applies, and (iii) the phone bill was not produced to
23  Defendants' counsel until after the close of all discovery related to liability issues.
24  Fed. R. Evid. 901, 801 and 802.

25      Defendants object to paragraphs 7 through 10 in their entirety, and to Exhibit
26  45, on the ground that they are not relevant to the issues raised by Defendants'
27  Motion. Fed. R. Evid. 401, 402.

28  ///

1

**Documentary Exhibits**

2  Defendants object to the following numbered Exhibits, attached to the

3  Declaration of Jerry Behnke, on the following grounds.

4  Defendants object to Exhibit 15 on the ground that it is irrelevant, has not been

5  properly authenticated, and is hearsay as to which no exception applies. Fed. R.

6  Evid. 401, 402, 901, 801, 802.

7  Defendants object to Exhibit 24 on the ground that it is irrelevant, has not been

8  properly authenticated, is hearsay as to which no exception applies and is

9  inadmissible opinion testimony. Fed. R. Evid. 401, 402, 901, 801, 802, 701.

10  Defendants object to Exhibit 26 on the ground that it is irrelevant, has not been

11  properly authenticated, is hearsay as to which no exception applies and is

12  inadmissible opinion testimony. Fed. R. Evid. 401, 402, 901, 801, 802, 701.

13  Defendants object to Exhibit 35 on the ground that it has not been properly

14  authenticated, and is hearsay as to which no exception applies. Fed. R. Evid. 901,

15  801, 802.

16  Defendants object to Exhibit 38 on the ground that it has not been properly

17  authenticated, and is hearsay as to which no exception applies Fed. R. Evid. 901,

18  801, 802.

19  Defendants object to Exhibit 40 on the ground that it is irrelevant, has not been

20  properly authenticated, is hearsay as to which no exception applies and is

21  inadmissible expert opinion testimony. Fed. R. Evid. 401, 402, 901, 801, 802, 702.

22  Defendants object to Exhibit 41 on the ground that it has not been properly

23  authenticated, and is hearsay as to which no exception applies Fed. R. Evid. 901,

24  801, 802.

25  Defendants object to Exhibit 42 on the ground that it has not been properly

26  authenticated, and is hearsay as to which no exception applies Fed. R. Evid. 901,

27  801, 802.

28  ///

1    Defendants object to Exhibit 43 on the ground that it is not relevant, has not

2    been properly authenticated, and is hearsay as to which no exception applies Fed.

3    R. Evid. 401, 402, 901, 801, 802.

4    Defendants object to Exhibit 49 on the ground that the question lacks

5    foundation and call for speculation, and the answer is irrelevant. Fed. R. Evid. 602,

6    401, 402.

7

8    **<u>RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS</u>**

9    The evidentiary objections submitted by Grange with respect to both the

10   Pozuelos and Grange Motion are lengthy, repetitive and unmeritorious. Defendants

11   reserve the right to respond at the hearing on the Motions to any specific

12   evidentiary objection that is of particular interest to the Court. However, some

13   general observations are warranted.

14   Grange objects to numerous statements made by other persons to Pozuelos on

15   the ground they are hearsay. (*See, e.g.*, Pozuelos Decl. at ¶ 7, ll. 14-15, ¶ 9, ll.  11-

16   22, ¶ 11, ll. 11-16, ¶ 12, ll. 17-26 , ¶ 14, ll. 16-17, ¶ 15, ll. 20-24, ¶ 16, ll. 1-11, ¶ 17

17   in its entirety, ¶ 18, ll. 5-10, ¶ 19 in its entirety, ¶ 20 in its entirety,  ¶ 22 in its

18   entirety, ¶ 24, ll. 27-28, ¶ 27, ll. 23-26, ¶ 28, ll. 1-7, ¶ 29, ll. 18-21 and 23-27, ¶ 32,

19   ll. 24-2, ¶ 34 in its entirety, and ¶ 35, ll. 10-11.)

20   However, out of court statements that are offered not to prove the truth of the

21   matter asserted, but to prove the declarant's relevant state of mind, are exceptions to

22   the hearsay rule. Fed. R. Evid. 801 (c). Pozuelos' state of mind is relevant with

23   respect to all of the out of court statements cited by Grange. Most of the out of

24   court statements helped form Pozuelos' belief in the existence of probable cause for

25   the arrest warrant and other orders. It is well settled that a Section 1983 action

26   alleging the lack of probable cause for a warrant places the state of mind of the

27   officer seeking the warrant at issue, and any out of court statements offered to prove

28   that state of mind are an exception to the hearsay rule. *See e.g., Tuccio v.*

*Papenstein*, 307 Fed. Appx. 545, 546-547 (2d Cir. 2009); *Trujillo v. Florida Agency for Healthcare Administration*, 405 Fed. Appx. 461, 464 (11th Cr. 2010), *Burns v. Kimple*, No. 2:09-CV-0947-MCE-CMK, 2015 U.S. Dist. LEXIS 147757, at \*3 to \*15 (E.D. Cal. Oct. 30, 2015). The other out of court statements are offered to show Pozuelos' relevant state of mind with respect to her continuing steps in the investigation, her participation in the submission of documents to the Superior Court, and her involvement in the arrest of Grange and other orders.

Grange also objects to documentary exhibits which helped formed her belief in the existence of probable cause. (*See e.g.,* Exhibits 1, 2, 3, 6, 7, 8, 9, 10, 13, 14, 15, 19, 20, 21, 22, 26 and Sealed Exhibits 4, 5, 11, 12.) These documents consist of patient care records, bills by Symons, payment records, notes of interviews with patients, notes of interviews with insurers, and Symons' emails concerning billing activities. For the reason set forth above, neither these documents, nor any out of court statements contained within them, constitute hearsay because they are offered to prove Pozuelos' relevant state of mind with respect to the existence of probable cause.

These documents have also been properly authenticated, because Pozuelos states in her Declaration that: (i) with respect to the interview notes, she prepared and maintained them herself, and (ii) with respect to the other documents, they are true and correct copies of what she obtained from subpoenas to insurers or search warrants to internet service providers, which she has personally maintained in her investigation file. That is sufficient authentication for the purpose of establishing her state of mind with respect to the existence of probable cause.

Grange also objects to certain statements by Pozuelos, DDAs Cantos and Hynds, and CDI counsel Neumeister, as to which he contends there is no foundation because the witness lacks personal knowledge as to the truth of the statement, or it is a statement of witness' opinion. (*See, e.g.*, Pozuelos Decl. at ¶ 5, ll. 7-9, Pozuelos Decl. at ¶ 6, ll. 20-24, Pozuelos Decl. at ¶ 7, ll. 14-15, Cantos Tr.

at 15:15-21, Pozuelos Decl. at ¶ 7, ll. 6-7, Hynds Tr. at 25:5-13, Cantos Tr. at 66:19-22, Pozuelos Decl. at ¶ 8, ll. 17-19, 21-22 and 25-26, Neumeister Tr. at 26:10-12 and 35: 17-23, Pozuelos Decl. at ¶ 12, ll. 17-26, Pozuelos Decl. at ¶ 16, ll. 1-11, Pozuelos Decl. at ¶ 18, ll. 26-27, Pozuelos Decl. at ¶ 19 in its entirety, Pozuelos Decl. at ¶ 20 in its entirety, Pozuelos Decl. at ¶ 22 in its entirety, Pozuelos Decl. at ¶ 27, ll. 23-26, Pozuelos Decl. at ¶ 29, ll. 23-27, Pozuelos Decl. at ¶ 30, ll. 2-4 and 8-12, Pozuelos Decl. at ¶ 32, ll. 24-2, Hynds Tr. at 57:22-58:1, 58:6-11, and 58:15-59:1, Cantos Tr. at 11:10-24 and 12:23-15:21, Pozuelos Decl. at ¶ 33, ll. 6-8 and 10-16, Pozuelos Decl. at ¶ 35, ll. 27-3 and 10-11, Hynds Tr. at 41:10-17, 42:3-10 and 44:19-22, Neumeister Tr., at 42:23-24, 43:20-23 and 44:17-19, Cantos Tr. at 91:10-18.) However, for most of these statements, the basis for the witness' personal knowledge of the fact is clear from the context of his/her personal role in the case, set forth elsewhere in the declaration or deposition transcript, and information reasonably obtained in connection with that role. For other statements, Pozuelos is not offering them for their truth, but to explain the state of her own knowledge and belief with respect to the existence of probable cause, or the reasons for her further actions in connection with the arrest of Grange, which is the central issue with respect at all of Grange's claims.

Grange also objects to Pozuelos' statements concerning the contents of certain documents, on the ground that, pursuant to the best evidence rule, the documents speak for themselves. (*See, e.g*., Pozuelos Decl. at ¶ 9, ll. 11-22, Pozuelos Decl. at ¶ 10, ll. 23-27, Pozuelos Decl. at ¶ 24, ll. 22-27   ) However, the particular information that Pozuelos gleaned from each document is relevant to her state of mind with respect to the existence of probable cause, or her further actions in connection with the arrest of Grange. Accordingly, she is entitled to provide that information, notwithstanding the existence of the document itself.

Grange also objects to Pozuelos statements that she formed a belief in the existence of probable case (Pozuelos Decl. at ¶ 13, ll. 5-8, and ¶ 21, ll. 19-21) on

the ground they are argumentative and legal conclusions. However, these statements are admissible because Pozuelos' **belief** in the existence of probable cause is the central issue with respect to all of Grange's claims.

Grange's voluminous objections to evidence submitted in connection with Wessely's Motion are similarly without merit, for the same types of reasons set forth above. The effect of any out of court statements upon the declarant's relevant state of mind overcomes the hearsay objections. The statements of fact, based upon personal knowledge that is apparent from the context of the witness' role and information reasonably obtained in connection therewith, overcomes the foundation and opinion objections.


Dated:  March 25, 2024                          Respectfully submitted,

                                                ROB BONTA
                                                Attorney General of California
                                                DONNA M. DEAN
                                                Supervising Deputy Attorney General


                                                /s/ Thomas M. McMahon

                                                THOMAS M. MCMAHON
                                                Deputy Attorney General
                                                *Attorneys for Defendants*
                                                *Lori Pozuelos and Jason Wessely*

# APPENDIX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION


JEFF T. GRANGE, M.D.,                    )
                                         )
                 Plaintiff,              )
                                         )
          vs.                            )  No. 5:20-CV-00340 DSF (AGRx)
                                         )
LORI POZUELOS, in her individual and     )
official capacity; JASON WESSELY, in his)
individual and official capacity;        )
CALIFORNIA DEPARTMENT OF INSURANCE; and  )
DOES 1-10, individuals,                  )
                                         )
                 Defendants.             )
_____)




VIDEOTAPED DEPOSITION OF

LANCE CANTOS

Wednesday, November 15, 2023








Reported stenographically by:
ANNA B. SACRIPANTI
CSR NO. 9533

JOB NO. 92456

**LANCE CANTOS**

**November 15, 2023**

```
 1                UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

 3

 4   JEFF T. GRANGE, M.D.,                )
                                         )
 5                    Plaintiff,         )
                                         )
 6        vs.                            )  No. 5:20-CV-00340 DSF (AGRx)
                                         )
 7   LORI POZUELOS, in her individual and )
     official capacity; JASON WESSELY, in his)
 8   individual and official capacity;    )
     CALIFORNIA DEPARTMENT OF INSURANCE; and )
 9   DOES 1-10, individuals,             )
                                         )
10                    Defendants.        )
     _____)

11

12

13

14        VIDEOTAPED DEPOSITION OF LANCE CANTOS,

15        taken on behalf of Plaintiff, at  555 South

16        Flower Street, 30th Floor, Los Angeles,

17        California, beginning at 10:18 a.m., Wednesday,

18        November 15, 2023, stenographically reported by

19        ANNA B. SACRIPANTI, Certified Shorthand

20        Reporter, State of California, CSR No. 9533.

21

22

23

24

25
```

```
 1    APPEARANCES:

 2

 3    For Plaintiff:

 4         LARSON LLP
           BY:  JERRY A. BEHNKE, ESQ.
 5              DANIEL R. LAHANA, ESQ.
           555 South Flower Street, 30th Floor
 6         Los Angeles, California 90071
           213-436-4888
 7         jbehnke@larsonllp.com
           dlahana@larsonllp.com
 8

 9

10    For the Witness, Lance Cantos:

11         SAN BERNARDINO COUNTY DISTRICT ATTORNEY'S OFFICE
           BY:  BRENT SCHULTZE, ESQ.
12              Lead Deputy District Attorney
                Appellate Service Unit
13         303 W. Third Street, Fifth Floor
           San Bernardino, California 92415
14         BSchultze@sbcda.org

15

16

17    For Defendants Lori Pozuelos and Jason Wessely,
      individually and in their official capacity:
18
           CAAG - OFFICE OF THE ATTORNEY GENERAL
19         BY:  THOMAS M. MCMAHON, ESQ.
           300 S. Spring Street, Room 1702
20         Los Angeles, California 90013
           213-269-6616
21         thomas.mcmahon@doi.ca.gov

22

23    Also Present:

24         CHAD BRIGGS, Videographer

25
```

**LANCE CANTOS**

**November 15, 2023**

1        A      No.

2        Q      Before you actually filed the criminal case,

3    focusing on the month before that, the time frame of

4    about a month before you filed, were there any

5    communications with you from anyone at the Department of

6    Insurance urging you to file the criminal case or

7    anything like that?

8        A      No, not that I recall.

9        Q      Do you recall whether there were any

10   communications between anyone in Department of Insurance

11   and supervisors in your office about getting the case

12   filed?

13       A      I'm not aware.  Did you mean during that time

14   frame especially?

15       Q      Yes.

16       A      I'm not aware.

17       Q      Did you ever tell Dr. Grange's criminal defense

18   attorney, Ray Ramirez, that you had received pressure

19   from the Department of Insurance to file the case?

20       A      That I had pressure from them?

21       Q      Yes.

22       A      Did they want me to file the case?  Sure.  You

23   know, I think looking back, I'm not sure that it was

24   pressure or just, you know, the -- yeah.  I'm not sure

25   if I can call it pressure at this point.  It's a little

**LANCE CANTOS**

**November 15, 2023**

1    somewhat --

2        Q    Yeah.  Let --

3        A    -- vague a little bit.

4        Q    Let me -- let me get to some more factual

5    questions about that.  You just said that they wanted

6    you to file.  How did you know they wanted you to file?

7        A    Well, where, you know, when you submit the

8    case, and you're working up the case, she's -- just

9    based on general actions and conversations.  So I don't

10   recall specifics on -- on that, I guess.

11       Q    Did you have any conversations with anyone in

12   Department of Insurance other than Lori Pozuelos about

13   filing the case?

14       A    Other than --

15       Q    Other than --

16       A    -- talking, or you're talking investigations

17   now?

18       Q    Anyone.  Her supervisor, let's say.  Let's

19   start there.

20       A    I -- no, not her supervisor.

21       Q    Anyone else at the Department of Insurance that

22   you recall talking to about filing this case?

23       A    Well, we spoke about the attorney, Mitch

24   Neumeister.

25       Q    Yes.

**LANCE CANTOS**

November 15, 2023

```
 1                    REPORTER'S CERTIFICATE

 2

 3           I, ANNA B. SACRIPANTI, CSR No. 9533, Certified

 4      Shorthand Reporter, certify:

 5           That the foregoing proceedings were taken before

 6      me at the time and place therein set forth, at which

 7      time the witness was put under oath by me;

 8           That the testimony of the witness, the questions

 9      propounded, and all objections and statements made at

10      the time of the examination were recorded

11      stenographically by me and were thereafter transcribed;

12           That a review of the transcript by the deponent

13      was requested;

14           That the foregoing is a true and correct

15      transcript of my shorthand notes so taken.

16           I further certify that I am not a relative or

17      employee of any attorney of the parties, nor financially

18      interested in the action.

19           I declare under penalty of perjury under the laws

20      of California that the foregoing is true and correct.

21           Dated this 4th day of December, 2023.

22

23

24

25           ANNA B. SACRIPANTI, CSR NO. 9533
```